[Civ. No. 1709. First Appellate District.—October 25, 1915.]

RAISCH IMPROVEMENT COMPANY, Appellant, v. J. A. BONSLETT, Superintendent of Streets, Town of Antioch, Respondent.

STREET LAW—ORDINANCE ACCEPTING IMPROVED STREETS—FALSE RECITAL AS TO GAS-MAINS—VOID ORDINANCE.—An ordinance of a municipal corporation enacted pursuant to section 20 of the Vrooman Act (Stats. 1885, p. 147) accepting certain streets therein after their improvement under the provisions of such act, which recited that the streets therein mentioned had been improved by petrolithic process of paving, that curbs had been laid therein and that said streets were in good condition throughout, and had sewers and gas-mains laid therein, is void, when in fact such gas-mains had not been laid in the streets, and the ordinance contained no statement, express or implied, that the board of trustees of such corporation deemed such mains to be then unnecessary.

ID.—ADOPTION OF STREET IMPROVEMENT ORDINANCES—LIMITED JURISDICTION OF GOVERNING BODIES.—The jurisdiction of governing bodies of municipalities to adopt ordinances in relation to street improvements which either impose the burden of taxation upon the owners of property along the lines of such streets, or which are intended to relieve such owners from liability for such burdens, is a limited jurisdiction, and must be found within the terms of the act or acts investing such bodies with power in the matter of street improvements.

ID.—ENACTMENT OF NEW ORDINANCE—REPEAL OF VOID ORDINANCE—
JURISDICTION OF BOARD OF TRUSTEES.—The acceptance of the streets
in question under such void ordinance, does not deprive a subsequent
board of trustees of the corporation of jurisdiction to enact a new
ordinance, which has the effect to clear the way for such further
proceedings in the way of the re-improvement of such streets as
thereafter might be initiated.

APPEAL from a judgment of the Superior Court of
Contra Costa County. R. H. Latimer, Judge.

The facts are stated in the opinion of the court.

B. D. Marx Greene, for Appellant.

Kirkbride & Gordon, for Respondent.

RICHARDS, J.—This is an appeal from a judgment in
favor of the defendant in a proceeding instituted by the peti-
tioner to obtain a writ of mandate. The facts are undis-
puted.

The town of Antioch is a municipal corporation of the
sixth class in the county of Contra Costa. On February 14,
1910, the board of trustees of said town passed an ordinance,
accepting certain streets therein after their improvement
under the provisions of the Vrooman Act, the said ordinance
being enacted under section 20 of said act (Stats. 1885,
p. 147). This ordinance of acceptance recited that the
streets therein mentioned had been improved by petrolithic
process of paving, and curbs had been laid therein, and that
said streets were in good condition throughout, and had
sewers and gas-mains laid therein. Section 20 of the
Vrooman Act as it then read provided that "Whenever any
streets or portion of a street has been or shall hereafter be
fully constructed to the satisfaction of the superintendent of
streets and of the city council, and is in good condition
throughout, and a sewer, gas-pipes and water-pipes are laid
therein, under such regulations as the city council shall
adopt, the same shall be accepted by the city council by ordi-
nance, and thereafter shall be kept in repair and improved
by said municipality . . . provided, further, that said city
council may partially or conditionally accept any street or
portion of a street without a sewer or gas-pipes or water-

pipes therein, if the ordinance expressly states that the city council deems such sewer or gas-pipes or water-pipes to be then unnecessary." It is an admitted fact in the case that at the time of the adoption of the ordinance above referred to no gas-mains or pipes had been laid in the streets therein described; that the recital in said ordinance that gas-mains had been laid therein was false, and that said ordinance contained no statement, express or implied, that the board of trustees deemed such gas-mains or pipes to be then unnecessary.

In the year 1914 the board of trustees of the town of Antioch passed another ordinance, reciting the fact that a former ordinance had contained the statement that gas-mains had been laid in said streets when in fact such gas-mains had not been so laid, and that for that reason the board of trustees passing said former ordinance was without jurisdiction to adopt said ordinance accepting said streets, and that therefore such former ordinance was by the terms of the latter one repealed. Thereafter the board of trustees initiated certain proceedings for the improvement of some of the same streets which had been included in said first ordinance of acceptance. Bids were regularly called for, and awards of contracts made for such improvements to the Raisch improvement Company, petitioner and appellant herein; and said company presently presented its contracts and bonds in due form to the respondent herein, as superintendent of streets of said town, for his execution, signature, and approval as the law requires. This, however, the respondent refused, basing his refusal upon the ground that having accepted the streets in question under the terms of its ordinance of February 14, 1910, the board of trustees was without jurisdiction to order another improvement of said streets at the expense of the property owners abutting thereon. A writ of mandate was thereupon applied for to compel the superintendent of streets to sign, execute, and approve said contracts and bonds. The trial court declined to issue said writ, basing its refusal, as the record here shows, upon the sole ground that the original ordinance of February 14, 1910, accepting said streets, was valid and is in full force and effect notwithstanding its attempted repeal.

The first, and in reality the only, question to be determined by the court upon this appeal is as to the validity of the ordi-

nance of February 14, 1910. The jurisdiction of governing bodies of municipalities to adopt ordinances in relation to street improvements which either impose the burden of taxation upon the owners of property along the lines of such streets, or which are intended to relieve such owners from liability for such burdens, is a limited jurisdiction, and must be found within the terms of the act or acts investing such bodies with power in the matter of street improvements. By the express terms of section 20 of the Vrooman Act above quoted, the board of trustees of the town of Antioch were given jurisdiction to enact an ordinance accepting the streets of said town then in process of improvement under these specified conditions: First, when gas-mains or pipes had been laid therein; and second, when such gas-mains and pipes had not been laid therein, but when in the body of the ordinance it was expressly stated that such gas-mains or pipes were then unnecessary. Neither of these jurisdictional prerequisites to the passage of the ordinance of February 14, 1910, appear to have existed. Gas-mains or pipes were not laid in said streets; and the ordinance in question did not expressly state or state or show at all that such gas-mains or pipes were then unnecessary. On the contrary, the ordinance contains the false recital that such gas-mains or pipes had been laid.

It is urged by the respondent that the courts are bound by this false recital, upon the theory, as claimed, that the board of trustees in passing the ordinance had authority to decide whether or not gas-mains or pipes had been laid in said streets; and having such authority, its decision is final in the absence of a provision for the judicial review of such decision or of a direct attack upon it. The case of *People v. Los Angeles*, 133 Cal. 338, [65 Pac. 749], cited by respondent in support of this position, does not go to the extent of sustaining this extreme view in upholding the powers of boards of limited jurisdiction; but, on the contrary, in that very case the court points out the distinction between it and the earlier case of *In re Madera Irrigation Dist.*, 92 Cal. 296, [27 Am. St. Rep. 106, 14 L. R. A. 755, 28 Pac. 272, 675], wherein the court properly declared the rule to be that "No board or tribunal can properly obtain jurisdiction by its own recital that it has jurisdiction." In the case at bar it was made by the statute an essential prerequisite to the adop-

tion of the ordinance in question at all that gas-mains or pipes should be in place, or that the council should expressly find and declare that they were then unnecessary. It would seem very clear that the doctrine of *In re Madera Irrigation District*, should be applied to such a case and should render the ordinance in question void. This being so, it cannot be seriously questioned that the board of trustees in charge of the affairs of said municipality in the year 1914 would have power to clear the municipal records of a void ordinance attempted to be enacted by a former board, particularly in respect to a matter of such necessity and importance as that of street improvements. We are therefore of the opinion that the ordinance of 1914 must be held to have been a valid and proper exercise of the powers of said board, and that its effect was to clear the way for such further proceedings in the way of the reimprovement of said streets as were thereafter to be initiated, and as a result of which the appellant herein obtained the contracts and prepared and presented the bonds which the respondent in his official capacity as street superintendent refused to sign, execute, and approve.

This view of the case renders unnecessary a consideration of the effect of legislative action in the way of the repeal or re-enactment of section 20 of the Vrooman Act subsequent to the passage of the ordinance of February 14, 1910, and prior to the more recent proceedings of the board of trustees of said town.

The judgment is reversed, with instructions to the trial court to issue the writ of mandate in accordance with the prayer of the appellant's petition.

Lennon, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 23, 1915.